El Pueblo de Puerto Rico, demandante y apelado, v. Enrique López, acusado y apelante.

Núm. 10287.—*Sometido:* Febrero 2, 1944. *Resuelto:* Febrero 10, 1944.

Carlos D. Vázquez, abogado del apelante; R. A. Gómez, Fiscal del Tribunal Supremo, abogado de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Enrique López fué declarado culpable por la Corte de Distrito de San Juan de una infracción a la sección 3 de la Ley núm. 11 de 1933 (1ª. Legislatura Extraordinaria, pág. 71), por tener en su posesión una máquina automática (*slot machine*) para juego de azar, de las llamadas "*Luck Smokes*", y sentenciado a cumplir treinta días de cárcel.

En este recurso alega que la corte inferior erró al apreciar la prueba por no ser ésta suficiente para sostener las alegaciones de la denuncia, al declararle culpable a pesar de haberse demostrado que el acusado era un mero encargado del establecimiento donde fué ocupada la máquina, toda vez que él fué acusado de tener la misma en su poder en concepto de dueño, resultando por tanto una incongruencia fatal entre las alegaciones de la denuncia y la prueba practicada, y al resolver que un mero encargado de un establecimiento, en calidad de empleado del mismo, es culpable como poseedor de un "*slot machine*" en vez de serlo el dueño conocido de dicho aparato. Los tres señalamientos deben resolverse conjuntamente.

■■ La prueba de cargo demuestra que el 5 de mayo de 1942 un detective se personó en el establecimiento comercial llamado "La Borincana" en Santurce; que en aquel momento el encargado del negocio lo era el acusado Enrique López; que en dicho establecimiento había una máquina (*slot machine*) en la cual al jugarse un centavo se podía obtener premios en cajetillas de cigarrillos; que dicho establecimiento y otros pertenecían a una sociedad, "González Hermanos", pero que el día mencionado al igual que otros en que había ido el detective el acusado era el encargado de regentear el restaurante; que cuando otros empleados querían salir del establecimiento solicitaban permiso del acusado.

La prueba de descargo tendió a demostrar que la máquina estaba en el establecimiento pero que el acusado no era el

dueño de dicho negocio sino Julio González que también era dueño del Colmado Asturias; que cuando González estaba en el Colmado Asturias dejaba a uno de los empleados de la Borincana encargado del mismo y que el día de autos le correspondió quedarse como tal encargado al acusado.

La sección 3 de la Ley núm. 11 de 1933, supra, dispone que:

"A partir de la fecha en que esta Ley empiece a regir, la introducción, manufactura, *posesión*, uso o funcionamiento de máquinas vendedoras que pudieren usarse para fines de juego de azar o lotería y de las conocidas con el nombre de traganíqueles (*slot machines*), y de cualquier otra clase, que pudiera usarse con fines de juego de azar o lotería, en cualquier forma en que fueren manipuladas, o cualquier sustituto de las mismas, o partes y accesorios, será considerado ilegal y su introducción, manufactura, uso, posesión o funcionamiento queda prohibido." (Bastardillas nuestras.)

La ley no exige que se denuncie al dueño de la máquina prohibida. Sólo menciona la posesión como suficiente para constituir el delito. En la denuncia se alegó que el acusado "tenía en su poder y administraba como dueño" la máquina que se describe. Las palabras "como dueño" eran innecesarias (*surplusage*) a la imputación del delito. La intención legislativa fué hacer responsable a cualquier persona que tuviera en su posesión una de las máquinas prohibidas por la ley, independientemente del título a la misma como dueño, arrendador, etc., y esta conclusión a que llegamos está robustecida por la sección 4 de la ley que en parte dispone que "Toda persona . . . que ayudare a otra persona a violar esta Ley" incurrirá también en delito. Esto no implica, desde luego, que el dueño de una de estas máquinas no sea también responsable criminalmente del delito. Lo que resolvemos es que tanto el dueño como el que sólo tenía la posesión son responsables. Si el acusado aceptó hacerse cargo o administrar un negocio en ausencia de su dueño y en dicho negocio se utilizaba una de dichas máquinas, estaba en posesión de la misma y es responsable del delito imputado. Como bien dice el fiscal en su alegato, en ausencia del dueño el llamado a

vigilar el funcionamiento de la máquina, pagar los premios al que en ella jugara, era el acusado. Si éste obtenía un beneficio de dicha máquina o sólo recibía un sueldo por su trabajo, es inmaterial. Parte de su sueldo era obtenido del beneficio que dicho juego de azar prohibido producía.

*Debe confirmarse la sentencia.*